**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Sherwood Sensing Solutions, LLC,**

                              *Plaintiff*,

v.                                                                                   **Case No. 3:19-cv-366
Judge Thomas M. Rose**

**Henny Penny Corporation,**

                              *Defendant*.

---

**ENTRY AND ORDER GRANTING MOTION OF DEFENDANT HENNY PENNY CORPORATION TO STAY THE ACTION PENDING RESOLUTION OF *INTER PARTES* REVIEW, ECF 20, AND ORDERING DEFENDANT TO FILE QUARTERLY STATUS UPDATES WITH THE COURT.**

---

Pending before the Court is Motion of Defendant Henny Penny Corporation to Stay the Action Pending Resolution of *Inter Partes* Review (ECF 20).

The 2011 Leahy–Smith America Invents Act, 35 U.S.C. § 100 *et seq.*, created a process called "*inter partes* review." *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2136, 195 L. Ed. 2d 423 (2016). That review process allows a third party to ask the U.S. Patent and Trademark Office to reexamine the claims in an already-issued patent and to cancel any claim that the agency finds to be unpatentable in light of prior art. Id. (citing § 102 (requiring "novel[ty]"); § 103 (disqualifying claims that are "obvious)).

District courts "have the broad discretion to determine whether a stay is appropriate" pending the conclusion of an *inter partes* review proceeding. See, e.g., *Regents of Univ. of Mich. v. St. Jude Med., Inc.,* 2013 WL 2393340, *2 (E.D. Mich. May 31, 2013.)  When reviewing the Motion to Stay, the Court considers three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* (citing *Star Envirotech, Inc. v. Redline Detection, LLC,* 2013 WL 1716068, *1 (C.D. Cal. Apr.3, 2013)); *see also Dura Global Techs, LLC v. Magna Int'l Inc.,* 2011 WL 5039883 (E.D. Mich. Oct.24, 2011).  All three factors favor granting the Motion to Stay.

**A.    Whether Discovery is Complete and Whether a Trial Date Has Been Set**

The first factor that the Court considers when considering the Motion to Stay is whether discovery is complete and whether a trial date has been set.  This factor recognizes that granting a stay early in the case preserves judicial resources and saves the parties time and money.  This factor weighs in favor of staying this action because the case is in a relatively early stage of litigation.  The Court has not yet conducted a Rule 26(f) conference, and no dates are set.  Accordingly, the Court finds that because this action is still in its early stages, the first factor favors granting the Motion to Stay.

**B.    Whether a Stay Will Simplify the Issues in Question and Trial of This Case**

The second factor that the Court considers is whether a stay will simplify the issues in the case and/or make the case more efficient for the court and the parties.  In some cases, an *inter partes* review challenging all asserted claims can "dispose of the entire litigation: the ultimate

simplification of issues." *VirtualAgility Inc. v. Salesforce.com, Inc.,* 759 F.3d 1307, 1314 (Fed. Cir. 2014). However, "an [*inter partes*] review need not dispose of a case completely to simplify the issues of a case," *Service Solutions U.S. LLC v. Autel. US Inc.,* 2015 WL 401009, *3 (E.D. Mich. Jan. 28, 2015).

Here, the petition for *inter partes* review seeks to invalidate each of the claims of the asserted patent. This is a paradigmatic example of a case that would be simplified by *inter partes* review. Should Plaintiff prevail before the USPTO, the issues in the action will still be simplified, as Defendant will be estopped from asserting an invalidity defense that was raised or reasonably could have been raised in the *inter partes* review. 35 U.S.C. § 315(e)(2) ("The petitioner in an *inter partes* review of a claim in a patent . . . may not assert . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.").

While Plaintiff "contends entry of a stay is premature because the PTO has not yet decided to grant the petition for review, it does not point to any deficiencies in [Defendant's] petition that might result in rejection of the petition. Given the high rate at which the PTO grants petitions for *inter partes* review,[1] even a petition requesting review is likely to simplify the issues in the case, at least where, as here, the petition contains no obvious deficiencies." *Brixham Sols. Ltd. v. Juniper Networks, Inc*., No. 13-CV-00616-JCS, 2014 WL 1677991, at *1 (N.D. Cal. Apr. 28, 2014) (citing *Personal Web Techs., LLC v. Facebook, Inc*., 2014 U.S. Dist.

---

[1] According to the USPTO's February 2020 trial statistics, the USPTO instituted 63% of petitions filed in 2019, which is on par with past rates of institution. PTAB Trial Statistics February 2020 at 6 (ECF 20, Ex. C); Decl. of Kevin Flynn ¶ 9. For patents in the mechanical field, which is where the '539 patent falls, the USPTO's institution rate is even higher. PTAB Trial Statistics February 2020 at 7.

LEXIS 4095, at *17 (N.D. Cal. Jan. 13, 2014); and *Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 U.S. Dist. LEXIS 178547, at *20–22 (N.D. Cal. Dec. 18, 2013)).   A stay pending an *inter partes* review could simplify the issues in this case, and therefore this factor favors granting the requested stay.

C.      **Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage**

Next the Court considers is whether a stay will unduly prejudice or present a clear tactical advantage to the non-moving party.   Plaintiff does not compete in the market for the accused product.   Rather, its business consists of licensing patents it has purchased.   Plaintiff's claim of prejudice is that a stay will prejudice it by "prohibiting" it from generating revenue and "depriv[ing] Plaintiff of the ability to market and license its Patents to other parties." Response to Motion to Stay, ECF 21, PageID 264, 266.

Any entitlement to relief should be compensable with money damages.   This lawsuit does not prohibit Plaintiff from licensing its patent to willing licensees. See Response to Motion to Stay, ECF 21, PageID 266.   Sherwood has not shown undue prejudice.

Plaintiff also asserts that the current COVID-19 crisis will unnecessarily delay proceedings in the PTO.   There is no reason to think this Court will be affected any less than the PTO.

**Conclusion**

Because discovery has not begun and no dates are set; and because a stay will simplify the issues in question and trial of the case; and because a stay will not unduly prejudice or present a clear tactical disadvantage to the non-moving party, Defendant Henny Penny Corporation's Motion to Stay the Action Pending Resolution of *Inter Partes* Review (ECF 20) is **GRANTED**.

4

Defendant Henny Penny Corporation is **ORDERED** to file monthly status reports with the Court apprising it of the status of the *inter partes* review.

    **DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, April 28, 2020.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
