UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| SHERWOOD SENSING SOLUTIONS LLC, | |
| Plaintiff, | Case No. 3:19-cv-366 |
| vs. | |
| HENNY PENNY CORPORATION, | District Judge Michael J. Newman |
| Defendant. | |

**ORDER: (1) GRANTING SHERWOOD'S MOTION TO VOLUNTARILY DISMISS ITS COMPLAINT (DOC. NO. 37); (2) DISMISSING SHERWOOD'S COMPLAINT WITH PREJUDICE; AND (3) ORDERING THE CLERK TO ENTER JUDGMENT ACCORDINGLY**

This patent infringement case is before the Court on Plaintiff Sherwood Sensing Solutions LLC's ("Sherwood's") motion to voluntarily dismiss its complaint with prejudice, under Fed. R. Civ. P. 41(a)(2), contingent on each party bearing their own costs and fees. Doc. No. 37. The motion is fully briefed and ripe for review. Doc. No. 39.

**I.**

This dispute arose from Sherwood's claim that Defendant Henny Penny Corporation ("Henny Penny") was infringing on its patent to a novel food fryer. Doc. Nos. 1, 17. The merits of that claim were resolved by the Patent Trial and Appeal Board ("PTAB") in an *Inter Partes* Review ("IPR") proceeding. Doc. No. 38-2.[1] Henny Penny prevailed. *Id.* at PageID 519. Sherwood concedes that the PTAB's order moots the complaint filed herein and moves for voluntary dismissal of its complaint with prejudice. Doc. No. 37 at PageID 444.

---

[1] U.S. District Judge Thomas M. Rose -- to whom this case was previously assigned -- stayed this matter pending IPR. Doc. No. 24.

Fed. R. Civ. P. 41(a)(2) requires a plaintiff to seek a court order or obtain a stipulation to voluntarily dismiss a complaint where the opposing party has answered. The Court retains discretion over whether to grant voluntary dismissal. *See, e.g.*, *Grover ex rel. Grover v. Eli Lily, Co.*, 33 F.3d 716, 718 (6th Cir. 1994). But it is an abuse of discretion not to dismiss a complaint when the plaintiff requests it be done with prejudice. *See, e.g.*, *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964); *Bridgeport Music, Inc. v. London Music, U.K.*, 345 F. Supp. 2d 836, 841 (M.D. Tenn. 2004). So the relevant question here is not whether Sherwood's complaint should be dismissed, but how. Fed. R. Civ. P. 41(a)(2).

A dismissal with prejudice functions as an adjudication on the merits. *See, e.g.*, *Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 870 (6th Cir. 2015). The prevailing party is generally not entitled to attorney's fees absent a fee shifting statute. *See, e.g.*, *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965); *see also Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) ("Several courts have held that a Rule 41(a)(2) award of fees [when a lawsuit is dismissed with prejudice] is appropriate only when there is independent statutory authority for such an award"). Henny Penny has one such provision potentially available: 35 U.S.C. § 285, which allows for attorney's fees "in exceptional cases."

Anticipating Henny Penny will seek attorney's fees, Sherwood requests a dismissal order conditioned on each party bearing their own costs and fees. Doc. No. 37. Henny Penny opposes this, noting that (1) it has not yet moved for a fee award, but (2) were it to, the Court should conclude this case was "exceptional" under 35 U.S.C. § 285. Doc. No. 38.

The Court finds that the question of Henny Penny's entitlement to attorney's fees is not yet ripe and expresses no opinion on the issue. Fed. R. Civ. P. 54(d)(2) provides that a motion for an award of attorney's fees "must be filed no later than 14 days after the entry of judgment." S.D.

2

Ohio Civ. R. 54.2(a) requires an attorney's fee motion be filed no "later than forty-five days after the entry of judgment." Because judgment has not been entered in this case, Henny Penny, at this time, has no basis to move for a fee award. Indeed, it acknowledges that it has yet to decide to so move. Doc. No. 38 at PageID 451. Should Henny Penny do so, the Court anticipates addressing the issues raised by the parties at that time.

## II.

For the foregoing reasons, the Court: (1) **GRANTS** Sherwood's motion to voluntarily dismiss its complaint; (2) **DISMISSES** Sherwood's complaint **WITH PREJUDICE**; and (3) **ORDERS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Date:   December 3, 2021                           s/Michael J. Newman
                                                                                             Hon. Michael J. Newman
                                                                                             United States District Judge