UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHERWOOD SENSING SOLUTIONS
LLC,

    Plaintiff,                            Case No. 3:19-cv-366

vs.

HENNY PENNY CORPORATION,          District Judge Michael J. Newman

    Defendant.

_____

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES (DOC. NO. 43)**
_____

This patent infringement case is before the Court on Defendant Henny Penny Corporation's ("Henny Penny's") motion for attorney's fees pursuant to 35 U.S.C. § 285.  Doc. No. 43.  Plaintiff Sherwood Sensing Solutions LLC ("Sherwood") filed an opposition memorandum (Doc. No. 44), and Henny Penny offered a reply (Doc. No. 45).  The motion is ripe for review.

**I.**

Sherwood was the holder of U.S. Patent No. 10,285,539 ("the '539 Patent") claiming a novel food frying system.  Doc. No. 17 at PageID 81–82.  It believed Henny Penny's "automatic top-off" food fryers infringed on the '539 Patent.  *Id.* at PageID 88.  Sherwood sued Henny Penny for patent infringement in this Court on November 19, 2019.  Doc. Nos. 1, 17.

Counsel for the parties met in December 2019.  Doc. No. 43-1 at PageID 638.  Henny Penny's counsel presented Sherwood with several prior-art references—including one informally named "Van Den Berg"—that they believed invalidated the '539 Patent.  *Id.*  Henny Penny insisted Sherwood reconsider the litigation, but Sherwood was undeterred.  *Id.* PageID 637–38.  Sherwood did, however, drop its willful infringement claim in its amended complaint.  Doc. Nos. 1, 17.

Henny Penny petitioned the Patent Trial and Appeal Board (the "Board") for *inter partes* review ("IPR") of the '539 Patent. Doc. No. 24 at PageID 328. IPR "allows a third party to ask the U.S. Patent and Trademark Office [("USPTO")] to reexamine the claims in an already-issued patent and to cancel any claim that the agency finds to be unpatentable in light of prior art." *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 265 (2016) (citing 35 U.S.C. § 100, *et seq.*). Henny Penny's petition—relying on Van Den Berg—sought to invalidate each '539 Patent claim. Doc. No. 43-1 at PageID 666.

IPR review permits the patent holder, in response to the challenged claims, to "[c]ancel any challenged patent claim" and "propose a reasonable number of substitute claims." 35 U.S.C. §§ 316(d)(1)(A) and (B). Substitute claims "may not enlarge the scope of the claims of the patent or introduce new matter." 35 U.S.C. § 316(d)(3). The Board determines if the "newly-presented, narrower claims are 'supported by the patent's written description' and 'unpatentable in the face of the prior art cited in the IPR.'" *Nike, Inc. v. Adidas AG*, 955 F.3d 45, 51–52 (Fed. Cir. 2020) (quoting *Aqua Prods., Inc. v. Matal*, 872 F.3d 1290, 1314 (Fed. Cir. 2017)). Narrowing the patent's scope gives the patent holder a chance to salvage the patent against possibly invalidating prior art. *See Aqua Prods.*, 872 F.3d at 1298–99 (explaining that the amendment process "is an important tool that may be used to adjust the scope of patents" "at the lowest cost point in the system" to avoid "winner-take-all" district court litigations (first citing 35 U.S.C. § 316(d)(3); and then quoting Office Patent Trial Practice Guide, 77 Fed. Reg. 48756, 48764 (Aug. 14, 2012))).

Henny Penny moved to stay the district court litigation pending resolution of its IPR petition. Doc. No. 24 at PageID 328. Sherwood objected because, at the time, the Board had not yet agreed to review the '539 Patent. Doc. No. 20. United States District Court Judge Thomas M. Rose—to whom this case was previously assigned—stayed this matter. Doc. No. 24 at PageID

331–32. The Board granted review of the '539 Patent several months later. Doc. No. 43-1 at PageID 711.

Before the Board, Sherwood moved to amend its '539 Patent claims. Doc. No. 43-1 at PageID 827. But, in a preliminary ruling, the Board found that Sherwood's substituted claims expanded, not narrowed, the patent's scope, introduced new matter, and were likely unpatentable. *Id.* at PageID 830–41. Sherwood responded with a second motion to amend its claims. *Id.* at PageID 770.

The Board again rejected Sherwood's substituted claims, this time in a final order. *Id.* at PageID 821–22. The Board found that Van Den Berg, alone or in combination with other prior art, anticipated Sherwood's amended claims and rendered them unpatentable. *Id.* at PageID 783–822. This prompted the Board to cancel the '539 Patent and deny Sherwood's motion to amend its claims. *Id.* at PageID 822. Sherwood did not appeal the decision to the U.S. Court of Appeals for the Federal Circuit. *Id.* at PageID 637–39; *see* 35 U.S.C. § 319 (providing for IPR appellate review).

Sherwood had no choice but to withdraw its patent infringement case in this Court. Doc. No. 37. It did so, and, in the same motion, preemptively asked the Court to declare Henny Penny unentitled to attorney's fees under 35 U.S.C. § 285. *Id.* at PageID 449. Henny Penny opposed such a premature ruling because it had not yet moved for attorney's fees. Doc. No. 38 at PageID 451. The Court agreed with Henny Penny because attorney's fees cannot be obtained before entry of judgment, absent countervailing court order or statute. Fed. R. Civ. P. 54(d)(2)(B)(i); S.D. Ohio Civ. R. 54.2(a). Therefore, the Court dismissed Sherwood's complaint with prejudice but tabled the attorney's fees issue unless and until Henny Penny so moved. Doc. No. 40.

Henny Penny has now moved for attorney's fees. Doc. No. 43. The Court sets forth the Patent Act's standard for attorney's fees below.

## II.

35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The Patent Act does not define what makes a case "exceptional," but the Supreme Court has construed the term to mean "uncommon," "rare," or "not ordinary." *Octane Fitness, LLC v. ICON Health & Fitness, LLC*, 572 U.S. 545, 553 (2014) (citing Webster's New International Dictionary 889 (2d ed. 1934)). An "exceptional case" is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554.

Fee awards under the Patent Act are an exception to the American Rule. *Id.* at 557. Fee awards are not meant to be "a penalty for failure to win a patent infringement suit." *Id.* at 548 (quoting *Park–In–Theatres, Inc. v. Perkins*, 190 F.2d 137, 142 (9th Cir. 1951)). They should be selectively imposed "to prevent a party from suffering a 'gross injustice,'" *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020) (quoting *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017)), and should be calibrated to "deter" unreasonable litigation, *Octane Fitness*, 572 U.S. at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)) (cleaned up).

Patent Act fee awards follow a two-step process. Step 1 (the purpose of this motion) is to determine whether the prevailing party won an exceptional case. *Id.* at 554. That does not end the inquiry. The Court must then assess the "propriety" of a fee award considering "the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." *Am. Vehicular Scis.,*

*LLC v. Autoliv, Inc.*, 405 F. Supp. 3d 728, 736 (E.D. Mich. 2019) (quoting *H-W Tech., Inc. v. Overstock.com, Inc.*, No. 3:12-cv-0636, 2014 WL 4378750, at *7 (N.D. Tex. Sept. 3, 2014)).

### III.

The parties dispute both the construction of 35 U.S.C. § 285 and the exceptionality of this case. Sherwood argues that Henny Penny is prohibited from obtaining attorney's fees accrued during IPR. Doc. No. 44 at PageID 960. It relies on Federal Circuit *dicta* saying as much, as well as 35 U.S.C. § 285's silence on the matter. *Id.* (citing *Dragon Intell. Prop., LLC v. Dish Network LLC*, 956 F.3d 1358, 1362 (Fed. Cir. 2020) ("[W]e see no basis in the Patent Act for awarding fees under § 285 for work incurred in *inter partes* review proceedings that the Appellants voluntarily undertook")). Henny Penny disagrees because IPR was meant to be an efficient substitute to costly district court patent infringement litigation. Doc. No. 43 at PageID 626.

Henny Penny insists that Sherwood's conduct in-and-out of IPR makes this case exceptional. *Id.* at PageID 628–33. Its topline argument is that Sherwood took inconsistent positions before this Court and the Board to perpetuate frivolous litigation. *Id.* at PageID 628–30. Henny Penny contends that Sherwood pressed a broad construction of a claim term in the district court but a narrower one in IPR. *Id.* Beyond that, Henny Penny believes the following shows Sherwood's "exceptional" behavior: (1) not withdrawing its patent infringement suit after being confronted with Van Den Berg; (2) pleading a willful infringement claim without supporting facts; (3) opposing a stay of the district court litigation pending IPR; (4) misleadingly not moving in IPR to cancel the original '539 Patent claims yet trying to substitute new claims; (5) violating a host of PTAB rules, including attempting to add new matter via an amended claim and filing overlength briefs; and (6) conditioning dismissal of its district court complaint on entry of an order barring Henny Penny from seeking attorney's fees. *Id.* at PageID 630–32.

The Court will review the parties' arguments in turn.

A.      Availability of Attorney's Fees Earned During IPR

Congress enacted the 2011 Leahy-Smith American Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011), to "improve patent quality and limit unnecessary and counterproductive litigation costs," H.R. Rep. 112–98, pt. I, at 40 (2011).  The AIA did away with the USPTO patent reexamination process in favor of IPR.  *Id.* at 45.  Reexamination proved to be time consuming (with decisions taking years) and just as costly as district court patent infringement litigation.  *Id.*  IPR decisions are released "normally no more than one year" after the petition was granted.  37 C.F.R. § 42.100(c).  Congress directed the USPTO to promulgate IPR rules of procedure, including "prescribing sanctions for abuse of discovery, abuse of process, or any other improper use of the proceeding." 35 U.S.C. § 316(a)(6).

The AIA did not amend 35 U.S.C. § 285.  That statute has not been touched since 1952.  66 Stat. 813 (1952).  But its place in Title 35 affords some contextual understanding.  First, § 285 is included within a chapter entitled "Remedies for Infringement of Patent, and Other Actions." 35 U.S.C. Pt. III, ch. 29.  District courts have original jurisdiction over patent infringement actions.  *See* 28 U.S.C. § 1338(a).  Therefore, the terms "court" and "case," in § 285, refer to patent infringement lawsuits filed in district court.  *Cf. Amneal Pharms. LLC v. Almirall, LLC*, 960 F.3d 1368, 1371–72 (Fed. Cir. 2020) (explaining that IPR is not a "case" for § 285 purposes).  Neither party disputes this point.

Henny Penny argues that IPR should be considered part of a patent infringement "case," particularly where, as happened here, IPR resolves the patent infringement issue.  Doc. No. 43 at PageID 625.  It principally relies on a Federal Circuit case holding that an alleged patent infringer was entitled to § 285 fees after the USPTO invalidated the patent in a reissue proceeding.  *See PPG Indus., Inc. v. Celanese Polymer Specialties Co.*, 840 F.2d 1565, 1568–69 (Fed. Cir. 1988).

6

Henny Penny thinks IPR should be treated the same way when the Board's work replaces the district court's. Doc. No. 43 at PageID 625.

Sherwood's principal case—*Dragon Intellectual Property*—was, unlike *PPG*, partially resolved through IPR. 956 F.3d at 1362. There, the Federal Circuit explained, *in dicta*, that § 285 fees cannot be awarded for work completed during IPR because that process was voluntarily initiated by the alleged infringer. *Id.* On remand, the magistrate judge agreed with that interpretation and declined to award § 285 fees accrued during IPR. *Dragon Intell. Prop. LLC v. Dish Network L.L.C.*, No. 13-cv-2066, 2021 WL 3616147, at *8–9 (D. Del. Aug. 16, 2021). The district judge adopted the report and recommendation and concurred with the magistrate judge's reasoning. *Dragon Intell. Prop. LLC v. Dish Network L.L.C.*, No. 13-cv-2066, 2021 WL 5177680, at *5 (D. Del. Nov. 8, 2021) ("There is no persuasive legal analysis that would authorize this Court to award attorneys' fees under § 285 for IPR proceedings that Defendants voluntarily undertook").

*Dragon Intellectual Property*'s reasoning is persuasive. Availability of § 285 fees in *PPG* turned on the involuntary nature of the reissue proceeding. 840 F.2d at 1568–69. There, the patent holder failed to disclose prior art to the USPTO during prosecution. *Id.* at 1566. That triggered a reissue proceeding where the USPTO revisited the patent application in light of the prior art. *Id.* The USPTO ultimately found the claims unpatentable. *Id.*

After the *PPG* patent holder withdrew its patent infringement case in the district court, the alleged infringer moved for § 285 fees. *Id.* at 1567. The alleged infringer made the same argument as Henny Penny does here: fees should be available when an administrative proceeding resolves the district court litigation. *Id.* The *PPG* court agreed because the alleged infringer had no choice but to participate in the reissue proceeding triggered by the patent holder. *Id.* at 1569. The reissue

7

would have continued with or without the alleged infringer's participation. *Id.* It had only one option to make its views heard. *Id.*

IPR affords the alleged infringer a voluntary alternative to district court litigation. 35 U.S.C. § 311(a) ("[A] person who is not the owner of a patent *may* file with the Office a petition to institute an *inter partes* review of the patent" (emphasis added)). It also reverses the parties' roles: alleged infringers go from defending a patent infringement charge in district court to attacking the patent in IPR. *See* H.R. Rep. 112–98, pt. I, at 45 (explaining enhanced third-party procedural benefits in IPR). Patent holders have no incentive to voluntarily seek IPR. The point behind IPR is to efficiently preserve patents against prior art by narrowing their scope. Patent infringement is about testing the reach of a patent. Why would a patent holder seek to reduce the scope of their monopolistic grip on an invention? For this reason, IPR cannot be considered as part of the same patent infringement "case" for § 285 purposes. *See Dragon Intell. Prop.*, 2021 WL 5177680, at *5.

The Supreme Court has construed 42 U.S.C. § 1983's fee-shifting provision in a similar manner. *See Webb v. Bd. of Educ. of Dyer Cnty.*, 471 U.S. 234, 243 (1985). 42 U.S.C. § 1988 permits a "reasonable attorney's fee" award to the "prevailing party" in a § 1983 lawsuit. In *Webb*, a teacher sued under § 1983 after his school board fired him. 471 U.S. at 236. A state statute outlined a voluntary administrative termination review process for public school teachers. *Id.* at 236–37. The teacher prevailed in both the administrative adjudication and federal court litigation and moved for § 1988 fees incurred during the administrative proceedings. *Id.* at 238. The Supreme Court held fees earned in the separate and voluntary administrative proceeding were outside § 1988's scope and not accrued in the § 1983 litigation. *Id.* at 243.

Here, too, with § 285. Henny Penny voluntarily initiated IPR and with that came certain efficiencies and procedural benefits. But the voluntary nature of the proceeding means it cannot be considered the same patent infringement "case" for § 285 purposes. Henny Penny is not entitled to attorney's fees earned during IPR.[1]

### B. District Court Conduct

Sherwood's conduct during the district court litigation can be evaluated for exceptionality. *See SRI Int'l., Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1332 (Fed. Cir. 2021) (reviewing a district court's award of fees for the defendant's use of overly "aggressive" tactics during patent infringement case). None of the actions cited by Henny Penny amount to "exceptional" behavior, however.

Start with the December 2019 meeting. Doc. No. 43-1 at PageID 637–38. Henny Penny's counsel confronted Sherwood with Van Den Berg. *Id.* They said it defeated the '539 Patent, and they were right. *Id.* But prescience does not mean Sherwood should have folded so early in the case. *Id.* No judicial or administrative testing had yet occurred. *Id.* at PageID 637–39. Backing down would have meant voluntarily cancelling the '539 Patent claims. Sherwood had quite a bit on the line in this litigation too, considering its business model involved owning and selling '539 Patent licenses. Doc. No. 21 at PageID 264. Henny Penny's strategy may have even worked to some degree. Doc. No. 43-1 at PageID 637–39. Sherwood dropped its willful infringement claim in the following months. Doc. Nos. 1, 17.

Sherwood's motion practice before the district court was not "exceptional." Doc. Nos. 21, 38. Henny Penny argues that Sherwood's opposition to a stay pending IPR, and its request for an early ruling on the attorney's fees question, were unreasonable. Doc. No. 43 at PageID 631–32.

---

[1] For this reason, the Court need not assess Henny Penny's assertion that Sherwood took conflicting claim construction positions in this Court and in IPR. Doc. No. 43 at PageID 620–22.

9

It is hard to see why.  Sherwood opposed a stay because the Board had yet to grant IPR when Henny Penny made its stay request.  Doc. No. 21 at PageID 264–65.  Sherwood again cannot be penalized for incorrectly predicting the outcome.  Doc. No. 43-1 at PageID 637–39.  Plus, its position was accurate: Henny Penny moved for a stay just weeks after filing an IPR petition and months before it was granted.  Doc. No. 21 at PageID 264–65.

Sherwood's preemptive raising of the § 285 issue was not in bad faith.  Doc. No. 37.  Henny Penny warned Sherwood it would seek § 285 fees as early as August 2020.  Doc. No. 43-1 at PageID 643.  This posture conflicted somewhat with Henny Penny's representation in response to Sherwood's motion for voluntary dismissal that it had not yet decided to move for attorney's fees.  Doc. No. 38 at PageID 456–57.  It was understandable that Sherwood attempted to get out ahead of the issue.  Doc. No. 37.  The upshot was that Sherwood revealed its stance on the question.  *Id.*  Henny Penny had the opportunity to respond and explain why this case was exceptional.  Doc. No. 38 at PageID 452–57.  It then was allowed to re-brief, and expand upon, its arguments in the current motion.  Doc. No. 44.  Henny Penny may have had to incur more attorney's fees than if Sherwood did not preemptively raise the issue, but that alone does not make this case exceptional.

Accordingly, the Court declines to find that this case was exceptional under 35 U.S.C. § 285.

### IV.

The Court thus **DENIES** Henny Penny's motion for attorney's fees.  Doc. No. 43.  Each party shall bear their own costs.  This case remains **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   May 20, 2022                             s/Michael J. Newman
                                                                                  Hon. Michael J. Newman
                                                                                  United States District Judge